IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARQUIS MIDDLETON,** | : | CIVIL ACTION NO. 1:21-CV-71 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **TINA LITZ and** | : | |
| **PRIMECARE MEDICAL, INC.,** | : | |
| Defendants | : | |

### MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983 in which *pro se* plaintiff Marquis Middleton alleges that defendants have been deliberately indifferent to the risks posed by the COVID-19 pandemic in violation of the Eighth Amendment. Both defendants have filed motions to dismiss the complaint. We will grant the motions, dismiss the complaint without prejudice, and grant plaintiff leave to file an amended complaint.

**I.  Factual Background & Procedural History**

Middleton is incarcerated in the Lebanon County Correctional Facility ("LCCF") in Lebanon, Pennsylvania. He initiated this case through the filing of a complaint on January 12, 2021. (Doc. 1). According to the allegations in the complaint, LCCF has not taken adequate steps to ensure social distancing between inmates in the facility, despite "widespread understanding" of the importance of social distancing in preventing the spread of COVID-19. (Id. at 3). Middleton alleges that LCCF has also failed to provide sufficient cleaning materials to inmates and has consistently failed to sanitize common areas of the prison. (Id.) He asserts

that such measures are necessary because "infected inmates" are "roaming around in the same unit as those not infected," and "using the same telephones, kiosk tablets, showers, and laundry exchanges" as the uninfected inmates. (Id.)

Middleton purportedly tested positive for COVID-19 on December 23, 2020. (Id.) He alleges that the prison's practice of keeping inmates who have tested positive for COVID-19 in the same unit as those who have not tested positive puts inmates in danger of contracting COVID-19. (Id. at 3-4). Middleton alleges that these failures to prevent the spread of COVID-19 constitute cruel and unusual punishment under the Eighth Amendment. (Id. at 4). He names as defendants Tina Litz, who was employed by LCCF as the deputy warden of treatment at all relevant times,[1] and PrimeCare Medical, Inc. ("PrimeCare"), the private company contracted to administer health care at LCCF. (Id. at 2). Middleton seeks monetary damages, release from imprisonment, and "reasonable deals" on his "open case." (Id. at 5).

Defendant Litz moved to dismiss the complaint on February 26, 2021, and Defendant PrimeCare moved to dismiss on March 29, 2021. (Docs. 17, 19). The court issued an order on May 14, 2021 requiring Middleton to oppose the motions by

---

[1] Litz has since been promoted to Warden of LCCF.

2

May 28, 2021. Middleton did not oppose either motion. The motions are now ripe for disposition and deemed unopposed pursuant to Local Rule 7.6.[2]

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a

---

[2] The docket of this case lists Middleton's mailing address as LCCF, and the court has not received any filing from Middleton changing or updating this address. Based on this information, the court assumes that Middleton received copies of the motions to dismiss, the supporting briefs, and the court's order requiring responses to the motions.

claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III. Discussion**

Middleton brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Defendant Litz's motion to dismiss argues that dismissal is appropriate because the complaint does not allege that she was personally involved in any violation of Middleton's civil rights. (Doc. 18 at 3-5).

We agree. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. Id. Middleton makes no allegations as to how Litz was personally involved in the alleged violation of his rights. We will therefore dismiss the claims against Litz.[3]

We will similarly dismiss Middleton's claims against defendant PrimeCare. To state a civil rights claim upon which relief may be granted against a private corporation providing medical services through a contract with a prison, prisoner plaintiffs must allege that the corporation had a "policy or custom that resulted in the alleged constitutional violations at issue." Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d

---

[3] Based on our conclusion that dismissal is appropriate for failure to allege personal involvement, we do not reach defendant Litz's alternative argument that the complaint should be dismissed for failure to allege deliberate indifference to a substantial risk of harm.

Cir. 2003)).  Middleton makes no such allegations here, and we will therefore dismiss the claims against PrimeCare.

We will, however, grant Middleton leave to amend his claims against both defendants.  Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  Leave to amend is appropriate here because Middleton's claims are factually, rather than legally, deficient.

## IV.      Conclusion

We will grant defendants' motions (Docs. 17, 19) to dismiss, dismiss the complaint without prejudice, and grant Middleton leave to file an amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 21, 2021